KNOWLES & COMPANY *v.* THE ELYTON LAND COMPANY.

1. A plea by a vendee of realty, alleging fraud in the vendor, by which the vendee was induced to purchase the property at a price greatly in excess of its value at the time the plea was filed, but not alleging that the price was in excess of its value at the time of the contract, is no defence to an action brought upon one of the notes given for the purchase money.

2. Where several notes maturing at different times were given for the purchase money of land, and a bond for titles taken, it is no defence to an action brought upon one of the notes before the others matured, that the vendor had not tendered a conveyance, although the other notes matured pending the action. This ruling accords with the law of Alabama. There was no error in not granting a new trial.

March 5, 1892.

Vendor and purchaser. Pleading. Fraud. Before Judge MARTIN. Muscogee superior court. May term, 1891.

Action was commenced October 22, 1888, by the Elyton Land Co. on a note for $875 given to it by

Knowles & Co., dated at Birmingham, Ala., January 14, 1887, due one year after date, payable to the land company or order at its office in Birmingham, for lots numbers 1, 2, 3 and 4 in block number 293 in said city. A verdict and judgment for the plaintiff were rendered, and the defendants excepted to the striking of two of their pleas, to an instruction in the charge of the court, and to the refusal of the court to charge as requested.

The following is the substance of the pleas stricken : (a) The plaintiff, being a land speculator and dealer in real estate, represented itself to own and possess valuable building lots in and around the city of Birmingham, Alabama, which it claimed to be of great value, and upon these representations offered to sell to defendants certain lots in that city and to take from them the notes sued upon, which defendants declined to give; but plaintiff thereupon procured two of its confederates and servants whose names are unknown to defendants, to come into plaintiff's office in Birmingham where defendants were and while the trade was in progress, and represent themselves to be speculators in Birmingham property, and that they had but recently purchased adjoining lots to those offered defendants by plaintiff, and though lots were no larger or better, yet the represented speculators had paid much more for their property than defendants were asked to pay for the ones offered them. Said confederates and servants, representing themselves as local speculators and well posted in the prices and values of Birmingham property, induced defendants to believe that the property at the price asked would be a great bargain, and would in a few days yield to defendants a handsome profit. Defendants had told plaintiff that they were strangers in the city and not posted as to the value of the property; and plaintiff, taking advantage of the confidence bestowed, practiced upon them the fraud aforesaid, and induced them to pay $830 cash

down'upon the lots, and execute and deliver the notes sued upon. The represented speculators were not local speculators and dealers in real estate, but were agents and servants of plaintiff whose duty it was to induce innocent men to become purchasers of their property at petitioner's prices; and said property is not worth the sum represented and for which the notes sued upon were given, and is only worth $500. Wherefore the notes are wholly without consideration; and by reason of the fraud aforesaid, defendant prays that the contract of purchase be rescinded and set aside and the notes declared void, and they pray for judgment against the plaintiff for the amount paid upon said property under said fraudulent representations. (b) The consideration of the note sued on was part purchase of the lots therein named; and at the time of the execution and delivery of it, defendants made and delivered two other notes for the balance of the purchase price, to mature two and three years after that date, and the plaintiff executed and delivered to defendants a bond to convey to them good and sufficient warranty title to said land. All of said notes were executed in Alabama and were to be paid in the city of Birmingham; all of them have matured, and the plaintiff has not made, delivered, offered or tendered defendants a good and sufficient warranty deed to said land. Both of these pleas were sworn to and filed at the trial, May 22, 1891.

The pleas not stricken allege that the consideration of the note sued on was the purchase of the lots therein named, and at the time of the purchase the plaintiff executed its bond conditioned to make to defendants good and sufficient warranty title to said lots; that it had not made, executed, delivered offered or tendered such title; and that said note was payable and said contract to be performed in Birmingham, Alabama. Also, that at the time of the purchase, the defendants paid to the

plaintiff $875 upon the lots, which sum was pleaded as recoupment and set-off. The evidence shows that on January 14, 1887, the defendants purchased of the plaintiff the lots mentioned in the note sued on, paying $875 in cash, giving three notes for $875 each, due in one, two and three years (one of them being the note sued on), and taking the plaintiff's bond conditioned to make good and sufficient warranty title on payment of the notes promptly at maturity; that the plaintiff or any one for it has never made or tendered to the defendants or either of them a deed to the land; that the defendants have never paid or offered to pay the notes sued on, but have refused to do so; and that the other two notes were not due at the time this suit was brought.

The instruction in the court's charge excepted to is, in brief, that the plaintiff would be entitled to recover on the note in suit, if the other two notes had not matured when the suit was commenced, notwithstanding it was an Alabama contract, and although the other two notes have since matured and the plaintiff has not made or tendered a deed to the land. The charge requested to be given is, that if the defendants gave the other two notes in part purchase of the same land, and they have matured, and the plaintiff has not made or offered or tendered the defendants a good and sufficient warranty deed to the land, then it would not be entitled to recover.

C. J. Thornton and H. C. Cameron, for plaintiffs in error.

Battle & Gilbert, *contra.*

Lumpkin, Justice.

1. A moral fraud perpetrated by an owner of land upon another by means of which the latter is induced to buy the land, results in no legal injury to him, if the price he agrees to pay for the property is not in excess of its value at the time of the purchase. If he pays cash, he gets the worth of his money. If he settles by note, the

consideration of the note is full and adequate. The law does not give a right of action to any party unless he has in fact sustained an injury. The injury is often nominal only, but we are unable to see how any one is injured at all who buys property which he wants to buy, and gets it at a fair price. It frequently happens that property depreciates in value after it is purchased, but this of itself would afford no ground for rescinding the contract or recovering damages. Plaintiffs in error had purchased some high-priced Birmingham lots, and it would seem from one of their pleas to the action brought upon one of the purchase-money notes, that these lots had subsequently diminished greatly in value, but the plea fails entirely to allege that the price these parties agreed to pay for the lots was in excess of their value when the contract of purchase was made. The presumption, therefore, is that the price was at that time fair and adequate, and consequently, the alleged fraudulent conduct of the vendor was harmless. If these lots had enhanced in value, it is not at all probable the fraud alleged would ever have been heard of. The plea did not set up any legal defence to the action, and was properly stricken by the court.

2. It would be a remarkable consequence from the facts presented if the other plea relied on by defendants below set forth a legal defence. They bought some lots, paid a part of the purchase money in cash, took a bond for titles, and gave notes for the balance maturing at different times in the future. When the first note became due, they refused to pay it, and upon being sued thereon, allege that the plaintiff, a corporation which sold them the lots, should not recover because it had not tendered them a conveyance of the property. If such tender had been made them on condition that they would pay all the purchase-money notes outstanding and unpaid, they would doubtless have refused to accept

it and comply with its terms; but whether they would have done so or not, the plaintiff had no right to demand payment of any of the notes before their maturity. Consequently it could not have made a tender of the kind indicated, and certainly it was under no obligation to offer to convey the lots upon receipt of a portion only of the purchase money, its bond only obligating it to do so upon payment of all the purchase money.

It was urged that the law of Alabama, where this contract was made, required a tender of title before suit could be brought on the note declared upon in this action. Neither the common law nor the statute of any State, so far as our knowledge and investigation extend, has ever required the making of a complete title while a part of the purchase money was still unpaid and payment refused.

It is immaterial that the notes other than the one sued upon matured while the action was pending. There is no allegation in the pleas of any offer to pay them. On the contrary, it is quite clear from the nature of the defence that defendants had no intention of ever paying them if they could avoid so doing. They could have no possible right or reason to expect or demand a title to the lots without paying the full price agreed upon for them, and this being true, it is apparent beyond question that they really did not, in fact, desire the tender which they complain was not made.

The defence was entirely without merit, and the verdict for plaintiff was right.          *Judgment affirmed.*